UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-20544-KMM

AMANI SULTAN AL AMED,

    Plaintiff,

v.

KILOLO KIJAKAZI,
*Acting Commissioner of the Social Security Administration*,

    Defendant.

_____/

**REPORT AND RECOMMENDATIONS**

**THIS CAUSE** is before the Court upon Plaintiff Amani Sultan Al Amed's Unopposed Application for Attorney's Fees and Costs (ECF No. 24), under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The matter was referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, to take all necessary and proper action as required by law and/or to issue a Report and Recommendations with respect to the Motion. (ECF No. 26). Having reviewed the Motion, the record as a whole, and being otherwise fully apprised in the matter, the undersigned respectfully recommends that Plaintiff's Motion (ECF No. 24) be **GRANTED, in part,** and **DENIED, in part**.

Plaintiff filed the instant Motion seeking $7,148.40 in attorney's fees. The EAJA empowers the Court to grant "reasonable fees and expenses of attorneys." *McCullough v. Astrue*, No. 08-61954-CIV, 2009 WL 2461798, at *1 (S.D. Fla. Aug. 10, 2009). Under the EAJA, a party is eligible for an award of attorney's fees if: (1) the party is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the

party timely files an application for attorney's fees; (4) the party had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d). Plaintiff has satisfied these requirements.

The United States Supreme Court has acknowledged that a Social Security claimant who obtains a sentence-four order reversing the Commissioner of Social Security's denial of benefits is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 301–02 (1993) (finding that a sentence-four remand terminates the litigation and results in victory for the plaintiff).

Here, the Acting Commissioner's motion to remand this case was granted pursuant to sentence four of U.S.C. § 405(g) and the case was remanded to the Acting Commissioner for further proceedings. (ECF No. 23). Accordingly, Plaintiff is a prevailing party under the EAJA.

Next, the Court determines whether the Acting Commissioner's position was substantially justified or whether circumstances exist which would make an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A). "To be 'substantially justified' under the EAJA, the government's position must be 'justified to a degree that could satisfy a reasonable person,'" meaning that it must have a "reasonable basis both in law and fact." *Monroe v. Comm'r*, 569 F. App'x 833, 834 (11th Cir. 2014). Given the unopposed nature of the instant Motion, the Court finds that the Acting Commissioner has not met her burden of showing that her position was substantially justified.

Plaintiff timely filed the Motion, which the Acting Commissioner does not oppose.[1]

---

[1] Specifically, the District Court's Order remanding this case to the Acting Commissioner under sentence four of § 405(g) was filed on December 7, 2022. (ECF No. 21). "An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry." *Lopez for Diaz v. Kijakazi*, No. 21-CV-23765, 2022 WL 18108509, at *2 (S.D. Fla. Dec. 20, 2022), *report and recommendation adopted*, No. 21-23765-CIV, 2023 WL 34674 (S.D. Fla. Jan. 4, 2023). Thus, the instant Motion was timely filed on February 3, 2023, within 90 days of the District Court's December 7, 2022 Order of remand.

Moreover, pursuant to Plaintiff's Motion and *in forma pauperis* status (ECF Nos. 4, 6), the Court accepts Plaintiff's net worth to be less than $2,000,000.00.

Accordingly, the Court finds that Plaintiff is entitled to an award of attorney's fees under the EAJA.

Plaintiff through her attorney, Tod W. Read, Esq., seeks $7,148.40 in attorney's fees for 30 hours of work performed in 2022 at an adjusted rate of $238.28. (ECF No. 24 at 1–2). Though the EAJA sets a ceiling of $125.00 per hour for attorney's fees, courts may raise the ceiling based on cost of living increases. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). "The Eleventh Circuit has made clear that the application of the cost-of-living adjustment is considered 'next to automatic.'" *Lopez for Diaz*, 2022 WL 18108509, at *3 (quoting *Meyer v. Sullivan*, 958 F.2d 1029, 1035 n.9 (11th Cir. 1992)).

The Motion seeks an hourly rate based on the December 2022 CPI instead of the 2022 "Annual" average CPI for Plaintiff's calculation of the inflation-adjusted hourly rate for 2022. Because the 2022 "Annual" average CPI is now available, the average CPI for 2022 is used for all time billed in 2022. *See Sensat v. Berryhill*, No. 15-24727-CIV, 2018 WL 5257143, at *6 & n.12 (S.D. Fla. Oct. 22, 2018); *Barbee v. Berryhill*, 339 F. Supp. 3d 1262, 1270 & n.4 (N.D. Ala. 2018). The Court has independently calculated the adjusted rate for 2022 as $234.95 based on adjustments accounting for the Consumer Price Index.[2] Given the adjusted rate and Plaintiff's attorney worked

---

[2] The adjusted rates are determined using the following formula, which represents the percent increase in the CPI from March 1996, applied to the statutory rate:

$$\text{"Adjusted Statutory Cap"} = ((("Annual CPI for the relevant year"} - 155.7)/155.7) + 1) \times \$125.00$$

where "155.7" represents the March 1996 CPI rate and "$125" represents the statutory rate under the EAJA. *Barbee v. Berryhill*, 339 F. Supp. 3d 1262, 1270 n.4 (N.D. Ala. 2018); *see also Fernandez v. Kijakazi*, No. 22-22724-CIV, 2023 WL 2898509, at *2 n.1 (S.D. Fla. Mar. 31, 2023), *report and recommendation adopted sub nom. Fernandez v. Acting Comm'r of Soc. Sec.*, No. 22-22724-CIV, 2023 WL 2895156 (S.D. Fla. Apr. 11, 2023) (Goodman, Mag. J.); U.S. Bureau of Labor Statistics, CPI-All Urban Consumers (Current Series), http://data.bls.gov/cgi-bin/surveymost?bls (check the box for "include annual averages"). Applied here, the annual CPI for 2022 is 292.655.

30 hours, Plaintiff is entitled to $7,048.50 in attorney's fees. Upon supplementation, Plaintiff's counsel provided a worklog. Therein, Plaintiff's counsel reasonably accounts for time spent working on Plaintiff's case, such as spending 16.3 hours writing Plaintiff's Motion for Summary Judgment. Having reviewed Plaintiff's counsel's itemized time entries and experience, the undersigned finds Plaintiff's request for attorney's fees to be reasonable up to $7,048.50. *See* (ECF No. 28 at 1) (noting that Plaintiff's counsel spent 33.1 hours on this case but is seeking reimbursement for only 30 hours).

Moreover, the undersigned finds that the award of attorney's fees under the EAJA should be paid directly to Plaintiff's counsel, subject to offset against any pre-existing debt Plaintiff may owe to the United States of America. While Plaintiff's assignment of any award of fees under the EAJA to her counsel, (ECF No. 24 at 4), does not comply with the Anti-Assignment Act, 31 U.S.C. § 3727(b),[3] the Acting Commissioner has not objected to the assignment or to Plaintiff's instant Motion. *See Romero v. Comm'r of Soc. Sec.*, No. 1:21-CV-22246, 2022 WL 2289222, at *4 (S.D. Fla. June 14, 2022), *report and recommendation adopted*, No. 21-22246-CIV, 2022 WL 2290578 (S.D. Fla. June 24, 2022).

Accordingly, the undersigned recommends that Plaintiff Amani Sultan Al Amed's Unopposed Application for Attorney Fees and Costs (ECF No. 24), under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), be **GRANTED, in part,** and **DENIED, in part,** and that Plaintiff be awarded a total of **$7,048.50** in attorney's fees, to be paid to Plaintiff's counsel, contingent upon a determination by Defendant that Plaintiff owes no qualifying debt(s) to the United States of

---

The March 1996 CPI is 155.70. Subtracting the March 1996 CPI of 155.70 from the 2022 annual CPI of 292.655, dividing by 155.70, adding 1, and multiplying by 125, the Court calculates the adjusted rate for 2022 as $234.95.

[3] The Act provides in relevant part: "An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged." 31 U.S.C. § 3727(b).

America.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, on this 18th day of May, 2023.

                                                                      LAUREN F. LOUIS
                                                                       UNITED STATES MAGISTRATE JUDGE

cc:     Honorable K. Michael Moore
         Counsel of Record